## NATHANIEL GIBSON vs. EBENEZER SCOTT et al.

ADDISON,<br>January,<br>1835.

*In an action on a jail bond, where the execution issued in pursuance of a rule of court, an inquiry cannot be made whether the execution issued regularly, or whether the rule was complied with.*

This was an action on jail bond, taken on the commitment of Scott, the defendant, on an execution in favor of Gibson. When the judgment upon which the execution issued was rendered, it was agreed by the parties, and made a rule of court, and entered on the docket, that execution was not to be issued until Gibson should execute a deed agreeably to a certain award which had been made between the parties, and lodge the same with the clerk of the court. A deed was lodged by Gibson with the clerk, which he supposed to be a compliance with the rule, and upon request of Gibson execution was issued and defendants committed.

Upon trial the defendants offered the rule of the court and the award in evidence, and then offered the records of the town of Bristol and other testimony, tending to show that the award had not been complied with. But the court rejected the evidence as improper in this suit, to which the defendants took their exceptions.

*H. Seymour for defendants.*—The defendants contend, that an execution issued without complying with the rule is void and the proceeding under it. In the case of *Starr* vs. *Hall*, on jail bond, the defence was, that adjournment was entered—an execution running 120 days, which should have run but 60 days—defendant committed after 60 days had run—debtor discharged. 1 Pick. Rep.

*J. Doolittle for plaintiff.*—If the execution had been illegally issued, the proper remedy would be, *audita querela*, when a proper issue could be formed, and by which the execution could be set aside, but the question cannot be decided in this collateral way and directly contrary to the record.

ADDISON,
January,
1835.
Gibson
vs.
Scott et al.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The question in this case is, whether the evidence offered and rejected at the county court tended to show that the execution, which issued from the county court, on which the defendant Scott was committed to jail, was void.

It is contended that the execution was wholly void, and if it is so, the plaintiff was a trespasser. But we think the evidence offered had no tendency to prove the execution void. It appears that judgment was rendered in the suit of *Gibson* vs. *Scott*, under a rule that execution was not to be issued until the plaintiff executed a deed, agreeable to an award, and lodged the same with the clerk. It appears that a deed was filed and lodged with the clerk, who, considering the rule complied with, issued the execution. If the clerk was imposed on, or if he misjudged as to the requirements of the award, application should have been made to the court to set aside the execution, or some process should have been instituted to vacate the execution. Until set aside, the execution must be considered as regularly issued. An inquiry either as to the title of the land conveyed by the deed, or the regularity of the award, or whether truly complied with, could not be made in any collateral action, nor could it arise either in an action against the sheriff for an escape of the debtor on the execution, or in an action stituted on the jail bond. If the inquiry was proper in this case, it would have been equally proper if the suit on the jail bond had been instituted before any other tribunal, and would have presented this absurdity, that a justice of the peace, or other court, would be called on to determine whether the county court, in issuing the execution in question, violated their own rules. It would seem to be more proper to leave them to decide upon this, and to declare whether the proceedings of their officer should be vacated or not. The case referred to of *Starr* vs. *Hall* was wholly different from this. The inquiry there was, whether there was any judgment rendered on which to found an execution. No record of the judgment was produced, but evidence was offered to show, that in point of fact no such record was made, or judgment rendered. This was wholly different from the question here presented, where the judgment was regular, and the rule on which the execution was to be issued appeared by the records of the court to have been complied with. The court who made the rule should be applied to for relief, if the same has been violated.

The judgment of the county court is affirmed.